UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ADAM GUTIN, MITCHELL GUTIN, and MARGO GUTIN, | : : : : |
| Plaintiffs, | : HONORABLE JOSEPH E. IRENAS : CIVIL ACTION NO. 04-1947 : |
| v. | : **OPINION** : |
| WASHINGTON TOWNSHIP BOARD OF EDUCATION, | : : : |
| Defendant. | : : |

**APPEARANCES:**

LAW OFFICE OF CHRISTOPHER MANGANELLO
By:  Christopher M. Manganello, Esq.
18 Pitman Avenue, Suite 104
Pitman, New Jersey 08071
            Counsel for Plaintiffs

CAPEHART & SCATCHARD, P.A.
By:  Micahel E. Heston, Esq.
Laurel Corporate Center, Suite 300
Mount Laurel, New Jersey 08054
            Counsel for Defendant

**IRENAS**, Senior District Judge:

   Presently before the Court is Defendant Washington Township Board of Education's ("the Board") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and for Reconsideration,[1] based on *A.W. v. The Jersey City Public Schools, et al.*, 486 F.3d 791 (3d Cir. May

---

[1] The Board apparently has some confusion as to what procedural mechanism is appropriate to raise the defenses it asserts.  The Motion is formally entitled "Motion for Summary Judgment/Motion for Reconsideration."  However, the motion is clearly not one for summary judgment-- the Board's brief asserts that it is moving pursuant to Fed. R. Civ. P. 12(b)(1).  Also, as explained *infra* at footnote 9, the Motion may not be properly styled as a motion for reconsideration.  In any event, the Court's disposition of the Motion does not require exploration of the procedural subtleties presented.

24, 2007). For the reasons that follow, the Motion will be granted.

## I.

The facts and procedural history of this case are discussed at length in this Court's previous summary judgment opinion. *See Gutin v. Washington Twp. Bd. of Ed.*, 467 F.Supp.2d 414 (D.N.J. Dec. 21, 2006). Only the relevant facts will be discussed here.

Adam Gutin is almost 23 years old now. In 2004, when he was 21 years old, he and his parents, Mitchell and Margo Gutin, filed the instant complaint. Paragraph 1 of the Complaint states: "This is an action for violation of 42 U.S.C. § 1983." Likewise, each count of the complaint (with the exception of the parents' loss of consortium claim) includes a heading which reads in part, "violation of 42 U.S.C. § 1983." The substantive allegations of the complaint assert violations of Adam's constitutional, federal, and state statutory rights arising out of Adam's positive drug tests and subsequent expulsion from Washington Township High School when Adam was 16 years old.

As noted in this Court's previous opinion, neither the Complaint, nor Plaintiffs' letter brief in opposition to summary judgment, make entirely clear the legal basis for many of

2

Plaintiffs' claims.[2]  Thus, this Court, based on the allegations in the Complaint, and the administrative record below, undertook to determine the legal basis for each claim.

For example, "Count I-- Violation of 42 U.S.C. § 1983- Drug Testing" asserts that the Board violated Adam's rights when it tested him for drugs, pursuant to district policy, without his or his parents' consent.  The words "Fourth Amendment" are nowhere to be found in the Complaint, but the Court concluded, and neither party disputes, that the substantive right alleged to be violated is found in the Fourth Amendment to the United States Constitution.  Accordingly, the Court analyzed the claim as such and granted summary judgment to the Board.[3]

Similarly, Counts II and IV, respectively, are entitled "42 U.S.C. § 1983- Expulsion," and "42 U.S.C. § 1983- Homebound Instruction."  Count II alleges that Adam's automatic expulsion under the zero tolerance drug policy violated his "rights to a free and appropriate public education."  Count IV alleges that "Defendant violated [Adam's] right to a free and appropriate public education pursuant to the New Jersey Constitution and Plaintiff's rights under 42 U.S.C. § 1983 insofar as Defendant did not provide

---

[2] Section 1983 is merely a vehicle for vindicating violations of substantive rights found the United States Constitution and certain federal statutes.  There can be no "violation" of § 1983.  *See Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 477 (3d Cir. 2003) ("By its own terms, the statute does not create substantive rights. Instead, it only provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws.").

[3] *See Gutin,* 467 F.Supp.2d at 423-25.  The Board does not seek reconsideration with regard to the Fourth Amendment ruling.

3

proper homebound instruction to Plaintiff pursuant to Federal Law, State Law, and Court Order." Based on these allegations, and Plaintiff's allegation that he was "protected by a 504 Accommodation Plan as a result of suffering from Attention Deficit Hyperactivity Disorder," (Compl. ¶ 5), the Court interpreted Counts II and IV as alleging causes of action under § 504 of the Rehabilitation Act of 1973, the IDEA,[4] and under state law. These two counts-- the two that were not dismissed on summary judgment[5]-- are the subject of the Board's present motion.

## II.

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of a court to address the merits of the plaintiff's complaint. Motions pursuant to Fed. R. Civ. P. 12(b)(1) may either "attack the complaint on its face" or "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Id.* Facial attacks are similar to Fed. R. Civ. P. 12(b)(6) motions because the Court must consider the allegations of the complaint as true. "The factual attack, however, differs greatly" because "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to

---

[4] "Free and appropriate public education" is a defined term of the IDEA. *See* 20 U.S.C. § 1401(9).

[5] Adam's parents' loss of consortium claim asserted in Count V also remained after summary judgment but only to the extent that the claim is premised on alleged violations of New Jersey state law. *Gutin*, 467 F.Supp.2d at 430.

4

hear the case. . . . [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.*  Plaintiffs bear the burden of proving the Court's jurisdiction.  *Id.*  Challenges to a court's subject matter jurisdiction may be raised at any time. *Sedivy v. Richardson*, 485 F.2d 1115, 1116-17 (3d Cir. 1973) ("An objection to the adjudicatory power of a tribunal may generally be raised for the first time at any stage of the litigation.").

Upon a motion for reconsideration, a decision "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* L. Civ. R. 7.1(i).

### III.

#### A.

The Board presently asserts that this Court lacks subject matter jurisdiction over Plaintiffs' IDEA / § 504 claims because Plaintiffs failed to exhaust their administrative remedies with

5

respect to those claims.[6]  When the Board previously moved for summary judgment, it did not raise the exhaustion issue because, according to the Board, "not one reference was made in the Complaint to either [§ 504 or IDEA]" and, in its view, those claims "did not exist at any time prior to the Court's [summary judgment] decision." (Def's Br. at 2)  These statements notwithstanding, the Board also asserts that Plaintiffs did pursue, to a limited extent, those claims at the state administrative level but failed to exhaust them.  The Court recognized this potential issue in its summary judgment opinion, but declined to rule on it because the Board had not briefed it and, at the time, the administrative record before the Court was somewhat murky.  *See Gutin,* 467 F.3d at 430 n.33.  Therefore, the Court denied summary judgment to the extent Counts II and IV assert that Adam was denied a free and appropriate education even though his behavior was not a manifestation of his disability.  *Id.* at 430.

In opposition to the Board's present motion, which now squarely raises the exhaustion issue, Plaintiffs implicitly concede that they did not exhaust their administrative remedies, but, relying exclusively on *W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir.

---

[6] *See W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir. 1995) (claim of failure to exhaust administrative remedies is "jurisdictional in nature."); *overruled on other grounds by A.W. v. The Jersey City Public Schools, et al.*, 486 F.3d 791 (3d Cir. 2007); *see also A.H. ex re. M.H. v. New Jersey*, No. 05-3307, 2006 U.S. Dist. LEXIS 84134 at *9 (D.N.J. Nov. 20, 2006) ("In the context of an IDEA claim, the exhaustion of administrative remedies is a jurisdictional matter. . . . Accordingly, the appropriate device is a motion pursuant to Rule 12(b)(1).")(citing *Matula*).

1995),[7] assert that their failure to exhaust should be excused.  As previously explained in this Court's summary judgment opinion, *Matula* is distinguishable.[8]  The parties in *Matula* had already participated in four prior due process hearings and all issues other than monetary damages had already been decided when the Third Circuit concluded that the plaintiffs were not required to exhaust their administrative remedies as to their damages claim.  That is not the case here.  Accordingly, *Matula* is inapplicable and this Court will not excuse Plaintiffs' failure to exhaust their administrative remedies with respect to the federal claims asserted in Counts II and IV.  The Board is therefore entitled to dismissal of the IDEA / § 504 claims.

B.

Alternatively, the Board reasons that because this is a § 1983 case, and the Third Circuit has recently held that IDEA and § 504 suits may not be brought under § 1983, reconsideration of this Court's denial of summary judgment is appropriate and the federal claims in Counts II and IV must be dismissed.[9]

---

[7] As will be discussed *infra*, *Matula* has been overturned by *Jersey City* in such a manner as to severely undercut Plaintiffs' IDEA / § 504 claims. 486 F.3d 791 (3d Cir. 2007). Plaintiffs' counsel inexplicably ignores *Jersey City* in his opposition, despite apparently knowing of the decision from correspondence with defense counsel.

[8] The Court will assume that *Matula* has not been overruled with respect to the exhaustion issue.

[9] Considering the nature of the Board's argument and the substance of this Court's previous decision denying summary judgment, the Court queries whether the motion for reconsideration is, as a procedural matter, more

7

"[C]onvinced that [the] ruling in *Matula* is no longer sound," the Third Circuit in *Jersey City*, held that "Congress did not intend § 1983 to be available to remedy violations of the IDEA." 486 F.3d at 799, 803. The Court further held that § 1983 is not available to provide a remedy for violations of § 504. *Id.* at 806. Notably, while *Jersey City* only involved claims against individuals (A.W. previously settled with the Jersey City Public Schools[10]), nothing in the opinion's reasoning suggests that the result should differ with respect to § 1983 claims against entities.[11]

It is abundantly clear from the face of Plaintiffs' Complaint that they assert their IDEA and § 504 claims not as direct claims, but as § 1983 claims. Because § 1983 is no longer an available means to remedy the alleged violations, those claims must be dismissed. Moreover, even if this Court ignored the Complaint's express language and construed the Complaint as asserting claims directly under the IDEA and § 504, for the reasons set forth above, the claims would still be barred for failure to exhaust

---

properly construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a) or by motion for judgment on the pleadings, or a the trial on the merits.").

[10]  *Jersey City,* 486 F.3d at 793 n.1.

[11]  *See generally Sinan v. School District of Philadelphia*, No. 06-1342, 2007 WL 1933021 at *1 n. 2, 3 (E.D. Pa. July, 2, 2007)(implicitly extending *Jersey City's* holding to dismiss § 1983 IDEA and 504 claims against a school district); *Stowman v. Ridgway School District, et al.*, No. 06-226, 2007 WL 1876525 at *4 (W.D. Pa. June 28, 2007)(implicitly extending *Jersey City's* holding to dismiss § 1983 IDEA claims against a school district and individuals).

8

administrative remedies.

Accordingly, the § 1983 claims asserted in Counts II and IV will be dismissed.

C.

Having disposed of all of the federal claims asserted in the Complaint, the Court will decline to exercise supplemental jurisdiction over the New Jersey state law claims asserted in Counts II, IV and V.  *See* 28 U.S.C. § 1367(c)(3); *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 444 (3d Cir. 1997) (The decision to decline to exercise supplemental jurisdiction over a plaintiffs' remaining state law claims "is committed to the sound discretion of the district court.").

**IV.**

For the reasons set forth above, the Board's Motion will be granted.  The Court will issue an appropriate order.

Date: July 23, 2007

                                 s/ Joseph E. Irenas
                             **JOSEPH E. IRENAS, S.U.S.D.J.**